# LICENSED RETAIL LIQUOR DEALERS ASSOCIATION OF MINNEAPOLIS v. ·L. R. DENTON.[1]

### July 12, 1918.

### No. 20,930.

**Sham answer stricken out.**

> The answer was clearly shown to be sham, and the court did not err in striking it out.

Action in the municipal court of Minneapolis to recover $80 upon 16 promissory notes of $5 each. The facts are stated in the opinion. From an order, C. L. Smith, J., granting plaintiff's motion to strike out the answer as false, frivolous and sham, defendant appealed. Affirmed.

[1]Reported in 168 N. W. 553

*Edward M, Nash, for appellant.*
*Brady, Robertson & Bonner,* for respondent.

HOLT, J.

The action is brought upon 16 promissory notes, each for $5, given by defendant to plaintiff. The answer admits the execution of the notes, but alleges "that said notes were given as part of a slush fund which the plaintiff was collecting to unlawfully and wrongfully influence certain public officials in regard to the regulations to be imposed upon the sale of alcoholic, poisonous and intoxicating drinks;" that the notes were given for an illegal consideration; "that no steps were taken or nothing was ever done by the plaintiff herein to benefit this defendant in any way in his businss as a retail liquor dealer and that this was the sole consideration for said sixteen notes;" and that defendant has received nothing at all for said notes. Upon affidavits plaintiff moved to strike out the answer as false, frivolous and sham. The motion was granted, with leave to defendant to serve an amended answer upon payment of costs. Defendant appeals.

The answer is not frivolous. But if it conclusively appears to be false and sham, the action of the court below was right. Plaintiff is a corporation organized under the laws of this state. The affidavit of its secretary sets forth that defendant, upon his own application, was elected a member of the corporation, and, pursuant to its by-laws, paid $10 entrance fee; and, in payment of his monthly dues, executed and delivered to it his 23 promissory notes, each for $5, maturing one each month thereafter, and that defendant continued to be a member as each note matured; that the notes sued upon are the notes so given, except the ones that have been paid by defendant; that the by-law of the corporation pursuant to which the notes were executed, reads as follows:

"Section 1. INITIATION FEE. (a) All members of this corporation shall, upon joining the same, pay to the Treasurer an initiation fee of Ten Dollars ($10.00), which shall also cover and pay the dues of said member for the first month of such membership.

"Section 2. MONTHLY DUES. (a) The monthly dues shall be the sum of five dollars ($5.00) per month for each member of the Corpora-

tion. Immediately upon becoming a member of the Corporation each member shall forthwith make, execute and deliver to the Treasurer of said Corporation twenty-three promisory notes in writing payable to the order of said Corporation, each for the sum of five dollars and bearing interest at the rate of six per cent per annum from its maturity, which date of maturity shall be so fixed and designated in each of said notes as to make one of said notes mature each consecutive month from and after the signing and delivery of the same; the payment of each of said notes at its respective date of maturity being equivalent to the payment of dues for a corresponding period."

The affidavit of plaintiff's attorney shows that defendant paid two of the 23 notes to the attorney, and sets out a letter from defendant wherein he promised to pay the balance as soon as able. The opposing affidavit of defendant states that, if it be true that the notes were given in payment of monthly dues to the corporation, he signed them because of false representations made by plaintiff's agents; he admits paying $10 to join the corporation and the attendance at one meeting; and he states that his membership was terminated, but concedes this occurred after the maturity of the notes in suit.

It will be noticed that the answer admits the execution of the notes and does not set up the defense, suggested in the affidavit, that they were procured by means of misrepresentation or fraud. It attempts to set forth an illegal consideration; but it seems to us that this defense is refuted by the subsequent admission, above set forth, that the sole consideration was that steps were to be taken and something done by plaintiff to benefit defendant in his business of retail liquor dealer which he was conducting in Minneapolis, Minnesota. It is to be assumed, until the contrary is made to appear, that defendant had the lawful right to conduct the business in which he was engaged at that place. That being so, it cannot be unlawful to procure and pay for such assistance as may be lawfully rendered in promoting the success of that business.

But, aside from the above consideration, we think it conclusively appears that the notes represent membership dues, under the by-law of the corporation, and that they all matured while defendant remained a member in good standing. The attempted defense of want of consid-

eration and failure of consideration must therefore be held sham. And so must be held the defense of illegal consideration, for it cannot be regarded unlawful to become a member of a corporation and pay the monthly dues imposed upon such member by the by-laws of the organization.

Order affirmed.

HALLAM, J. (dissenting.)

I dissent: The trial court struck out defendant's answer as false, sham and frivolous. The majority opinion sustains the order. I do not agree.

The answer alleges that the notes sued upon were given "as part of a slush fund which the plaintiff was collecting to unlawfully and wrongfully influence certain public officials in regard to the regulations to be imposed upon the sale of alcoholic, poisonous and intoxicating drinks." This states a good defense of illegal consideration. The answer accordingly is not frivolous. This the majority opinion concedes, but holds that it conclusively appears that the answer is false and sham.

In my opinion it has not been made to appear that the allegations of the answer are false. Plaintiff submitted an affidavit in support of its motion in which it is stated that plaintiff corporation has by-laws which provide that all members upon joining the corporation shall pay $10 as an initiation fee and one month's dues and shall give notes in advance for 23 months' dues at $5 a month, and that these notes were given therefor. The calling of contributions membership dues does not make the fund raised thereby any the more or the less legitimate. The use of the term dues may be a sham. The question is for what purpose the fund, whether called dues or by some other name, was raised. Nowhere does plaintiff make any showing as to the purpose for which these alleged membership dues of $60 a year for two years were to be used. There is no showing as to what legitimate expenses this association had that would absorb so large annual contributions from its membership nor that it had any legitimate expenses at all. There is no denial that the money was really raised for the purpose stated in the answer, nor is there any denial of the more specific statement, made by the defendant in an affidavit opposing the motion, to the effect that

the plaintiff's representatives stated to him, when they procured the notes, that it was necessary for the retail liquor dealers to raise a fund to work among state legislators and other public officials to stop certain pending legislation which would be detrimental to their business and that if "he and the other boys" did not do so they would be out of the business. Such transactions are illegal. Houlton v. Dunn, 60 Minn. 26, 61 N. W. 898, 30 L.R.A. 737, 51 Am. St. 493. In my opinion an issue is tendered by the answer which should be tried out in the usual manner.