# LICENSED RETAIL LIQUOR DEALERS ASSOCIATION OF MINNEAPOLIS v. L. R. DENTON.[1]

October 31, 1919.

No. 21,376.

**Appeal and error — denial of motion proper.**

1. There was no error in denying the defendant's motion to amend his answer at the trial by specifically denying that the plaintiff was a corporation.

**Exclusion of evidence proper.**

2. Two questions were asked calling for conclusions; and one was asked as to which it was at least doubtful whether the witness was qualified to testify. No offers were made to show what the proofs would be. There was no error in sustaining objections to the questions.

After the former appeal reported in 140 Minn. 461, 168 N. W. 553, the case was tried before Montgomery, J., who granted plaintiff's motion for a directed verdict for $86.20. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Edward M. Nash,* for appellant.

*Brady, Robertson & Bonner,* for respondent.

DIBELL, J.

Action on promissory notes made by the defendant to the plaintiff. There was a verdict directed for the plaintiff and the defendant appeals from the order denying his motion for a new trial.

1. The case was here before and is reported in 140 Minn. 461, 168 N. W. 553. There the order of the court striking out the defendant's answer as sham was sustained. The defendant filed an amended answer. He moved for a specific amendment before trial and that was allowed. At the trial he asked to amend by specifically denying the incorporation of the plaintiff as is required by statute in order to make an issue. G. S. 1913, § 7774. This was denied and error is assigned. The allowance of

[1]Reported in 174 N. W. 526.

.144 M.—6.

the amendment was discretionary. Nor does it seem likely that it was material. Moorman Mnfg. Co. v. Haack, 135 Minn. 126, 160 N. W. 258, and cases cited. There was no error.

2: The other errors available on the record are referred to in the third assignment of errors and relate to three questions asked of the defendant to which objections were sustained:

"What were these notes given in payment for at the time you signed them?"

"For what purpose was the money to be used which these notes were to be given for?"

"What representations did the committee, officers or agents of the association make to you at the time you signed these notes?"

The first two invited conclusions and not facts or conversations. It does not appear that there was a committee, as assumed in the third question, nor that the plaintiff knew the officers and agents of the association. The contrary, if anything, appears. No foundation was laid. There was no effective offer to prove. The court is not strict in its holdings as to conclusions nor as to the necessity of offers of proof, but error must affirmatively appear to justify a reversal and none does.

Order affirmed.